UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joel Leonel-Lopez Perez,

        Petitioner,

v.

Warden Michelle Floyd,

        Respondent.

_____/

Case No. 20-cv-13044
Honorable Denise Page Hood

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION, DISMISSING THE CASE WITH PREJUDICE, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

## I. INTRODUCTION

On November 5, 2020, petitioner Joel Leonel-Lopez Perez filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241. *See* Pet., ECF No. 1. At the time, Petitioner was a state prisoner in the custody of the Michigan Department of Corrections (MDOC). He alleged that he was a foreign national from Guatemala and that he was challenging: (1) the Michigan Parole Board's refusal to interview him because the Board had no proof that he would be deported; and (2) MDOC's failure to ask the Bureau of Immigration and Customs Enforcement (ICE) for a detainer or assurance that he would be deported. *See id*. at PageID.2, 4. Petitioner asked the Court to: require MDOC to seek assurance of deportation from ICE within

one business day; order ICE to provide MDOC with assurance of his deportation; and to deport him as soon as possible. *See id*. at PageID.7.

On January 25, 2021, respondent Michelle Floyd moved to dismiss the habeas petition because Petitioner failed to exhaust any state remedies for his claims. *See* Mot. to Dismiss, ECF No. 8. The Michigan Parole Board subsequently released Petitioner on parole.[1]

Petitioner's contention that the Michigan Parole Board refuses to interview and release him on parole is moot, and to the extent Petitioner still seeks to be deported, his petition must be dismissed because he has not shown that he is in custody in violation of federal law. The Court, therefore, will grant Respondent's motion to dismiss on alternative grounds and close this case.

## II. BACKGROUND

The record before the Court indicates that on September 3, 2019, Petitioner pleaded no contest in Ottawa County Circuit Court to one count of felonious assault, Mich. Comp. Laws § 750.82, and one count of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520e(1) (sexual contact involving force or coercion). *See* 9/3/19 Plea Hr'g Tr. at pp. 8-9 (ECF No. 9-3, PageID.135-36); *see also* Pet., Exhibit B, Judgment of Sentence (ECF No. 1, PageID.10). The convictions arose from on incident in 2019 when Petitioner beat a woman,

---

[1]*See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=598142.

2

threatened to cut her with a broken beer bottle, and sexually penetrated her without her permission because he thought she may have been with another man. *See* 9/3/19 Plea Hr'g Tr. at p. 9 (ECF No. 9-3, PageID.136).

On October 7, 2019, the trial court sentenced Petitioner to an indeterminate term of 23 to 48 months in prison for the felonious assault and to a concurrent term of 12 to 24 months for the criminal sexual conduct, with 91 days credit. *See* 10/7/19 Sentencing Hr'g Tr. at pp. 7-8 (ECF No. 9-4, PageID.145-46); Judgment of Sentence (ECF No. 1, PageID.10). Petitioner did not appeal his convictions or sentences.

On May 5, 2020, Petitioner wrote to the Michigan Parole Board and requested a "PA 223 parole application." He stated that he was close to completing one-half of his sentence and that, under PA 223, he would be eligible for release and deportation once he reached the halfway point of his sentence. *See* Pet., Exhibit D (ECF No. 1, PageID.14). On June 5, 2020, the Michigan Parole Board informed Petitioner that his minimum parole eligibility date was June 7, 2021, and that the Parole Board would not have jurisdiction of his case until then. *See id*. at PageID.15.

Beginning in July of 2020, Petitioner began asking MDOC about the possibility of being deported pursuant to PA 223. On July 31, 2020, and again on August 25, 2020, a departmental analyst for MDOC responded to Petitioner's inquiries. The analyst explained that, although Petitioner's deportation eligibility date was June 22, 2020, MDOC had not received an assurance of deportation from

ICE and, therefore, Petitioner currently was not eligible for release under PA 223. The analyst also explained that assurance requests were submitted to ICE annually. *See* Pet., Exhibits H and L (ECF No. 1, PageID.23, 31).

On August 30, 2020, Petitioner wrote to ICE and requested a letter or notice of assurance that he would be deported. *See* Pet., Exhibit O (ECF No. 1, PageID.43). It appears that that ICE merely acknowledged receipt of his correspondence. *See* Pet. (ECF No. 1, PageID.5).

On October 16, 2020, the Parole Board sent Petitioner a notice which reads in relevant part as follows:

> Prisoners who are not United States citizens are currently eligible for parole after they have served their minimum sentence minus any applicable credits unless they are serving for certain identified drug offenses. Public Act 223 of 2010, which took effect March 30, 2011, requires the Parole Board to parole an illegal alien who has a final order of deportation issued against him/her when the prisoner has served ½ of their minimum non-life sentence imposed by the court provided that ICE can assure the Department that the prisoner will be removed from the United States.
>
>     . . . .
>
> Eligible prisoners may be paroled only when ICE can provide assurance that the prisoner will be removed from the United States.
>
> Because ICE cannot provide assurance that you will be removed from the United States, you cannot be released on parole pursuant to PA 223 at this time. You will be re-referred to ICE annually for an updated determination. If assurance is received from ICE at a later date, you will again be reviewed for release pursuant to Public Act 223.

4

> Prisoners who are not eligible for parole under PA 223, or cannot be placed on parole under the Act, remain eligible for parole as set forth in PD 06.05.104 "Parole Process".

Pet., Exhibit G (ECF No. 1, PageID.21).

On November 5, 2020, Petitioner filed his habeas corpus petition. His first ground for relief alleges that he is being unlawfully incarcerated due to ICE's failure to provide MDOC with assurance of deportation. *See* Pet. (ECF No. 1, PageID.6). Petitioner contends that he was supposed to be released from prison on June 22, 2020, and that there appears to be a conspiracy between ICE and MDOC to keep illegal aliens in prison longer than the law allows. *See id*. at PageID.6-7.

Petitioner's second and final ground for relief alleges that MDOC has a duty to request a warrant from ICE in a timely manner and that MDOC is failing make a timely request. *See id*. at PageID.7. According to Petitioner, MDOC is violating its own policy by requesting deportation warrants from ICE only once a year. *See id*.

For relief, Petitioner requests: (1) that ICE be ordered to provide MDOC with an assurance of Petitioner's deportation and that he be deported as soon as possible; (2) that MDOC be required to request an assurance from ICE within one business day; (3) that he and MDOC be notified immediately if there is no deportation hold or warrant; and (4) that any hold or warrant not be reinstated without just cause and new information if the hold or warrant has been rescinded. *See id*. at PageID.7-8.

Respondent moves to dismiss the habeas petition because Petitioner failed to exhaust any state remedies for his claims. *See* Mot. to Dismiss (ECF No. 8, PageID.105-114). Petitioner has not filed a reply to Respondent's motion.

### III.  DISCUSSION

#### A.  The "In Custody" Requirement

Petitioner is entitled to the writ of habeas corpus only if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An initial question is whether he is "in custody."

"[T]he term 'custody' is not limited solely to physical confinement," *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984). A petitioner is "in custody" when he is subject to conditions and restrictions that "significantly restrain [his] liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963).

Petitioner was incarcerated when he filed his habeas petition, but subsequently released on parole. He currently reports to the Central Office of the Michigan Parole Board in Lansing, Michigan. His supervision began on June 8, 2021, and it does not end until June 8, 2023. *See supra* n.1. The conditions of parole place significant restraints on Petitioner's liberty. *See supra* n. 1 for supervision conditions.

Petitioner's release from prison "does not affect his entitlement to seek habeas relief because (1) his incarceration at the time he filed his habeas petition satisfies

6

the 'in custody' requirement; and (2) a parolee is still 'in custody' for habeas purposes." *Akrawi v. Booker*, 572 F.3d 252, 255 n.1 (6th Cir. 2009) (citing *Abela v. Martin,* 380 F.3d 915, 921 (6th Cir. 2004)); see also *Nian v. Warden, N. Cent. Corr. Inst.*, 994 F.3d 746, 751 (6th Cir. 2021) (stating that, although the habeas petitioner had been released from prison, his case was not moot because "[i]ndividuals subject to post-release control . . . satisfy the 'in custody' requirement") (quoting *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016)).

### B. Mootness

Having determined that Petitioner is "in custody" for purposes of § 2241, the next question is whether Petitioner's contention that he is being unlawfully incarcerated is moot due to his release from prison. The United States Court of Appeals for the Sixth Circuit recently explained that,

> [u]nder Article III of the Federal Constitution, [courts] can only decide "Cases" or "Controversies." U.S. Const. art. III, § 2. So [courts] adjudicate "only genuine disputes between adverse parties, where the relief requested would have a real impact on the legal interests of those parties." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006). Thus, "[i]f 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' then the case is moot and the court has no jurisdiction." *Id.* (quoting *Los Angeles County v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)).

*Thompson v. DeWine*, 7 F.4th 521, 523–24 (6th Cir. 2021) (first, second, and third alterations added). This requirement that federal courts adjudicate only actual and concrete disputes,

7

> "must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). A case that becomes moot at any point during the proceedings is "no longer a 'Case' or 'Controversy' for purposes of Article III," and is outside the jurisdiction of the federal courts. *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013).

*United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018).

An exception to the mootness doctrine exists when a controversy is "capable of repetition, yet evading review." *Id*. at 1540 (quoting *Kingdomware Technologies, Inc. v. United States,* 579 U.S. ——, ——, 136 S. Ct. 1969, 1976 (2016)).

> A dispute qualifies for that exception only "if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Turner v. Rogers,* 564 U.S. 431, 439–440, 131 S.Ct. 2507, 180 L.Ed.2d 452 (2011) (alterations and internal quotation marks omitted).

*Id*.; *see also Thompson*, 7 F.4th at 525 (explaining the two-pronged test slightly differently).

Even if Petitioner has satisfied the first prong of this test, he has not satisfied the second prong, because he has not shown that he is likely to be re-incarcerated. He apologized to the victim, the trial court, and Michigan authorities at his sentencing and stated that he was awaiting deportation. *See* 10/7/19 Sentencing Hr'g Tr. at pp.6-7 (ECF No. 9-4, PageID.144-45). And in an affidavit signed on June 16,

2020, Petitioner stated that he fully intended to follow the conditions of parole and that he agreed to deportation.  *See* Pet. (ECF No. 1, PageID.19).

Petitioner has not satisfied the exception to the mootness doctrine.  As such, his allegations that he is unlawfully incarcerated, that he should have been released from prison on June 22, 2020, and that he has been kept in prison longer than the law allows are moot due to his release from prison.

### C. The Duty to Request a Warrant

To the extent Petitioner still seeks immediate deportation, his claims that MDOC has not made a timely request for an assurance of deportation and that ICE has not provided MDOC with an assurance of deportation are not moot.  But those claims are based solely on alleged violations of state law.  *See* Pet. (ECF No. 1, PageID.4-7) (citing Mich. Comp. Laws § 791.234b; PA 223; MDOC Operating Procedure 06.05.104; and MDOC Policy Directive 03.01.120, ¶ F); *see also* Exhibit M (ECF No. 1, PageID.32-36) (MDOC Policy Directive 03.01.120 (effective Aug. 1, 2013) (stating in paragraph F that "[i]f a prisoner is identified as a foreign national (not a United States Citizen), the appropriate Central Records Section shall ensure ICE is contacted within one business day to determine if ICE has an interest, will file a detainer, or will take custody of the prisoner"));  Exhibit N (ECF No. 1, PageID.37-41) (MDOC Operating Procedure 06.05.104 (Parole of Illegal Aliens under PA 223 of 2010)).

9

"[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991). The alleged violations of state law in this case are not a sufficient basis for granting Petitioner the writ of habeas corpus.

## IV. CONCLUSION

Petitioner's challenge to his incarceration is moot, and his state-law claims regarding the failure to deport him are not cognizable on habeas corpus review. The Court, therefore, grants Respondent's motion to dismiss the petition on alternative grounds and dismisses the habeas petition with prejudice.

State prisoners who seek relief under § 2241, but who are not directly or indirectly challenging a state court conviction or sentence, must obtain a certificate of appealability before appealing the denial of a habeas petition. *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001). Federal district courts may issue a certificate of appealability in habeas corpus cases that arise out of process issued by a state court "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Court declines to issue a certificate of appealability because: (1) Petitioner has not shown that he was denied a federal right; and (2) reasonable jurists could not disagree with the Court's resolution of Petitioner's claims, nor conclude that the claims deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court also denies Petitioner permission to proceed *in forma pauperis* on appeal if he appeals this decision because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Petitioner may apply to the Sixth Circuit Court of Appeals for a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

s/Denise Page Hood
United States District Judge

Dated: March 29, 2022